**IN THE UNITED STATES DISTRICT COURT OF NEBRASKA**

| | | |
|---|---|---|
| BRIAN GILES,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF LINCOLN, TOM CASADY, TIM LINKE, ERIC JONES, and PATRICK BORER, in their individual and official capacities.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. __________<br><br><br>**COMPLAINT<br>and<br>JURY DEMAND** |

COMES NOW the Plaintiff BRIAN GILES, and for his cause of action against Defendants alleges as follows:

## INTRODUCTION

1. This is an action under 42 U.S.C.A. §1983, Title VII of the Civil Rights Act of 1964, and the Nebraska Fair Employment Practice Act challenging defendant's retaliation against Plaintiff for reporting sexual and national origin harassment/discrimination; for reporting retaliation regarding other firefighters who had engaged in protected activity; and for participating as a witness in connection with EEO investigations conducted by the City of Lincoln.

## VENUE & JURISDICTION

2. Plaintiff Brian Giles resides in Lancaster County.

3. The City of Lincoln is a political subdivision located in Lancaster County.

4. Defendants Tom Casady, Tim Linke, Eric Jones, and Pat Borer, reside in Lancaster County.

5. This is an action under the United States Constitution, Federal Law, and State law.

6. The United States District Court of Nebraska has original jurisdiction for the claims arising out of the Constitution and Federal law and supplemental jurisdiction over the state law claims.

7. All relevant actions took place in Lancaster County, Nebraska.

8. United States District Court of Nebraska is the proper venue for this action.

## INTRODUCTORY ADMINISTRATIVE MATTERS

9. Plaintiff filed a charge of discrimination/retaliation with the Nebraska Equal Opportunity Commission on June 8, 2016.

10. Plaintiff received his determination from the Nebraska Equal Opportunity Commission on January 26, 2017.

11. A right to sue letter from the United States Equal Employment Opportunity Commission is expected before this matter is tried.

## FACTUAL BACKGROUND

12. Plaintiff Brian Giles (hereinafter "Brian") was hired by the City of Lincoln (hereinafter the "City") as a firefighter on or about November 13, 2000.

13. Brian has been promoted twice during his employment with the City; most recently he was promoted to Fire Captain on or about January 10, 2008.

14. In 2012, Female Firefighter A, a firefighter recruit attended the Lincoln Fire & Rescue training academy. Female Firefighter A was a personal friend of Brian. Female Firefighter A told Brian about the different treatment she received as a firefighter recruit. In response to what Female Firefighter A told Brian, Brian complained to Battalion Chief Leo

Benes (hereinafter "Benes") about the treatment of Female Firefighter A and that he felt that she was being treated unfairly.

15. In 2012, another Fire Captain, Troy Hurd (hereinafter "Hurd"), complained to several superiors that Female Firefighter A was being harassed and treated differently on the basis of her sex and national origin.

16. Hurd was disciplined following his complaint on several occasions. Hurd believed his discipline was in retaliation for reporting the discriminatory treatment of Female Firefighter A.

17. Hurd completed the City's workplace harassment form in the summer of 2012. The form was delivered to Kimberly Taylor-Riley (hereinafter "Taylor-Riley"), the Director of Equity and Diversity at City of Lincoln, Nebraska and filed a Charge with the Nebraska Equal Opportunity Commission.

18. As part of Taylor-Riley's investigation into Troy's complaint, Brian was interviewed multiple times. Generally, during these interviews Brian supported Hurd's allegations of illegal retaliation and provided Taylor-Riley assistance in background for her investigation regarding where certain documents or information could be located. From 2012 to when the Taylor-Riley report was finalized in October of 2014, Giles had at least sixty-five (65) telephone calls and sent or received two-hundred twenty-one (221) text messages from Taylor-Riley.

19. Taylor-Riley's investigation into Hurd's complaint resulted in a report by Taylor-Riley condemning the retaliation that Hurd suffered for complaining about illegal discrimination. Taylor-Riley's report was issued on October 10, 2014. In Taylor-Riley's report regarding Hurd's complaint, Brian was listed as a witness she personally interviewed.

20. Taylor-Riley's report also described the incidents of Brian's initial complaint about the discrimination of Female Firefighter A.

21. On or about October 15, 2014, another female firefighter, (hereinafter "Female Firefighter "B"), was transferred to the same station as Brian, Station 8. The other captain at Station 8 was Captain Shawn Mahler (hereinafter "Mahler"). When Mahler learned Female Firefighter B would be transferring to Station 8 he got into an argument with Brian because Mahler was upset Female Firefighter B was transferring to their station. When Female Firefighter B arrived at their station, Mahler would rarely speak to her or would not allow her to rotate on to his truck. Female Firefighter B was the only female working at Station 8.

22. In November 2014, Jeanne Pashalek (hereinafter "Pashalek"), a Battalion Chief, began investigating a sexual harassment/discrimination complaint against Mahler because of the argument and comments made between Mahler and Brian on October 15, 2014 reported by Female Firefighter B. Said investigation ceased at the request of Female Firefighter B

23. In December, 2014, Mahler told Female Firefighter B when she asked him for advice regarding applying for the rescue and hazmet crew that she should stick with medical or logistics because "typically women are less mechanically-minded than men." Mahler also told Female Firefighter B she would be required to be observed for 18 months before he decided she was competent to be on his truck. It was not standard procedure to observe a firefighter for 18 months before including them on a truck rotation. Mahler denied Female Firefighter B training other male employees were receiving.

24. On or about January 8, 2015, Hurd had a meeting with Tom Casady, the Director of Public Safety, (hereinafter "Casady") to discuss Taylor-Riley's report on Hurd's retaliation. Hurd asked Brian to attend the meeting with Casady in order to witness the meeting.

25. During the meeting, Casady informed Hurd the Battalion Chiefs that Taylor-Riley's report confirmed had retaliated against Hurd would not receive any discipline. During the meeting, Brian complained verbally to Casady about the retaliation Hurd experienced after his complaint of illegal discrimination. Brian told Casady that Casady and the City were not doing anything to remedy the problem of discrimination and retaliation within Lincoln Fire and Rescue.

26. Mahler's harassment and discrimination toward Female Firefighter B continued throughout 2015. Mahler intentionally manipulated the schedule, so Female Firefighter B would not rotate to his truck.

27. Brian complained multiple times to Eric Jones throughout 2015 that Mahler was treating Female Firefighter B unfairly and discriminating against her by manipulating the schedule so he would not have to ride with Female Firefighter B or provide her training. Jones would state that he was going to rectify the situation, allegedly addressed Mahler regarding the discriminatory treatment, but then eventually apologized to Mahler because Mahler refused to speak to him following the oral counseling.

28. In September of 2014, Brian applied to be placed on a promotions list to a Battalion Chief position if one became available. To determine the ranking of the potential candidate(s) on the promotions list, the candidates were ranked and scored based on their background, education, performing certain tasks and an interview process. Brian received the highest score of 74 of the candidates tested/evaluated. The next highest scored candidate after Brian was 58.

29. Two positions for Bataillon Chief opened in the summer of 2015, one for the retirement of Pashalek and another because of the retirement of Derrald Murrell. There were two

individuals promoted to Battalion Chief position. One was promoted on or about August 13, 2015 who had a score of 49, had no college education and was far less qualified than Brian for the position in terms of experience and qualifications. The other individual that was promoted on or about November 30, 2015 earned a score of 58 and was far less qualified than Brian for the position in terms of experience and qualifications

30. Upon informed belief, the decision not to promote Brian was made by Linke, Casady, Defendant Eric Jones (hereinafter "Jones"), and Defendant Pat Borer (hereinafter "Borer"). Given Brian's qualifications and scoring on the objective portions of the promotional process, the decision not to promote Brian was clearly influenced by Brian's involvement in the Female Firefighter A, Hurd, and Female Firefighter B investigations, as well as, his complaints regarding Firefighter B throughout 2015.

31. On or about August 17, 2015, Brian again reported to Jones that Mahler was discriminating against Female Firefighter B and denying her training because of her sex. Brian again reported that Mahler was manipulating the schedule to avoid training Female Firefighter B, and he was making her drive the ambulance more frequently than the male firefighters.

32. Following Brian's complaints to Jones, Jones asked Giles if he felt that Mahler would be best suited to be placed in a one apparatus station. Giles told Jones that he was the Bataillon Chief and that was his decision to make but that he could not continue to ignore Mahler's discriminatory treatment of Firefighter B.

33. On or about December 21, 2015, Female Firefighter B was on kitchen duty and had already swept the area in accordance with her kitchen duty responsibilities. Brian and Female Firefighter B had not participated in the station meal, which meant, according to house policy, they were not required to clean up. However, Brian and Female Firefighter B offered to

clean up in order to help the firefighters who cooked the meal take a break. Mahler came in to eat lunch and there were still dishes in the sink; he said loudly, "whoever the kitchen man is, need to do his job!" Mahler then made Female Firefighter B hand-wash all the dishes. Brian and Female Firefighter B both complained to the City's administration regarding the incident.

34. On or about January 29, 2016, Female Firefighter B filed an EEO complaint based on sexual harassment and discrimination through Taylor-Riley. Brian was also contacted as a witness for the investigation into Female Firefighter B's complaint.

35. The retaliation against Brian continues.

**COUNT I**
**RETALIATION UNDER 42 U.S.C.A. §1983**
**(CITY OF LINCOLN)**

36. Plaintiff repleads paragraph 1 to 35 of this Complaint as fully set forth herein.

37. Defendant City of Lincoln, Nebraska, through its agents, servants and employees, including Defendants Tom Casady, Tim Linke, Pat Borer, and Eric Jones, in their official capacities, established an official policy, practice or custom of reckless or deliberate indifference to persons in Brian's position.

38. Defendant City of Lincoln, Nebraska discriminated and/or retaliated against Brian and others by establishing, maintaining and enforcing policies which create or foster a retaliatory hostile work environment, by retaliating against individuals that complain about sexual/national origin discrimination and illegal retaliation, refuse to countenance a discriminatory or retaliatory hostile work environment, and/or participate as a witness in connection EEO investigations.

39. In the alternative, if the discriminatory practice of establishing, maintaining, and enforcing policies which create or foster a hostile work environment, by treating people who complain about illegal discrimination differently and retaliating against those, including Brian,

who complain about and/or refuse to countenance an illegal retaliatory hostile work environment or participate as a witness in connection with EEO investigations was not a policy of the City of Lincoln, it was a practice, procedure or custom which the City of Lincoln and its policy makers, including Defendants Tom Casady, Tim Linke, Eric Jones, and Pat Borer, had actual or constructive knowledge and for which they failed to adequately train employees.

40. Plaintiff was subjected to this official policy or custom while he was employed by City of Lincoln.

41. Defendant City of Lincoln's policy, custom, or practice in general, and as applied to Brian in particular, was purposeful and intentional.

42. Defendant City of Lincoln deprived Plaintiff of his rights to which he is entitled under the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, all in violation of 42 U.S.C. §1983.

43. Plaintiff has been damaged as a direct and proximate result of the Defendants' acts and omissions aforesaid.

WHEREFORE, Plaintiff prays for judgment against Defendants, City of Lincoln, Nebraska, Tom Casady, Tim Linke, Pat Borer, and Eric Jones, in their official capacities, in an amount which will fully and fairly compensate him for his injuries and damages for attorney's fees, and costs for interest as allowed by law and for such other and further relief as is just in the premises.

**COUNT II**

**EQUAL PROTECTION VIOLATION**

**(INDIVIDUAL DEFENDANTS)**

44. Plaintiff realleges paragraphs 1 to 43 of this Complaint as if fully set forth herein.

45. Defendants Tom Casady, Tim Linke, Eric Jones, and Pat Borer, in their individual capacities, deprived Plaintiff of rights protected by the Equal Protection clause of the Fourteenth Amendment to the United States Constitution by establishing, maintaining, or enforcing policies which create or foster an illegal retaliatory hostile work environment, by treating people who complain about illegal discrimination differently than other similarly situated employees and by retaliating against those, including Plaintiff, who complain about and/or refuse to countenance a hostile work environment harassment based on sex/national origin and retaliation and/or participate as a witness regarding EEO complaints.

46. In the alternative, if the acts complained of were not committed by the individual Defendants pursuant to an official policy, practice or custom of the City of Lincoln, Nebraska they were committed by the individual Defendants with the purpose and intent of creating or fostering a retaliatory hostile work environment, by treating people who complain about illegal discrimination or participate as a witness in EEO investigations differently than other similarly situated employees and by retaliating against those, including Plaintiff, who complain about and/or refuse to countenance a hostile work environment based on sex or retaliation and participate as a witness in EEO investigations.

47. Each individual Defendant acted under color of state law.

48. Each individual Defendant's conduct was a proximate cause of damages sustained by Plaintiff.

49. Each individual Defendant acted with reckless or deliberate indifference to the rights of Plaintiff and with malice.

50. Plaintiff has been damaged as a direct and proximate result of the individual Defendants' acts and omissions aforesaid.

WHEREFORE Plaintiff prays for judgment against Defendants Tom Casady, Tim Linke, Eric Jones, and Pat Borer, in their individual capacities, in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendants and deter others, for attorney's fees/expert witness fees, and costs, for interest as allowed by law and for such other and further relief as is just in the premises.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## (CITY OF LINCOLN)

51. Plaintiff repleads paragraph 1 to 50 as if fully set forth herein.

52. Brian complained to Defendant about sexual harassment, harassment based on national origin, and illegal retaliation he witnessed, and otherwise opposed practices made unlawful by Title VII of the Civil Rights Act of 1964, as Amended. Brian also participated as a witness in connection with other individuals' EEO investigations who were opposing practices made unlawful by Title VII of the Civil Rights Act of 1964, as Amended.

53. Brian's complaints and participation as a witness were both protected activity within the meaning of the Title VII of the Civil Rights Act of 1964, as Amended.

54. Defendant City of Lincoln's actions towards Brian constitute retaliation within the meaning of the Civil Rights of 1964.

55. Brian's protected activity was a motivating factor in Defendants' retaliation against him.

56. As a result of Defendants' acts and omissions, Brian has in the past and will in the future suffer damages including but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages; benefits; future earning; and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant, City of Lincoln, in an amount which will fully and fairly compensate him for his injuries and damages, for interest as allowed by law, for attorney's fees/expert witness fees, for the cost of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Title VII of the Civil Rights Act of 1964, as Amended.

## COUNT IV

## VIOLATION OF THE NEBRASKA FAIR EMPLOYMENT PRACTICES ACT

## (CITY OF LINCOLN)

57. Plaintiff repleads paragraph 1 to 56 as if fully set forth herein.

58. Brian complained to Defendant City of Lincoln about the sexual harassment and harassment based on sex, and illegal retaliation he witnessed and otherwise opposed practices made unlawful by the Nebraska Fair Employment Practices Act. Brian also participated as a witness in connection with other individuals' EEO investigations who were opposing practices made unlawful by the Nebraska Fair Employment Practices Act.

59. Defendant City of Lincoln retaliated against Brian because of his complaints and opposition to the harassment and retaliation and/or participation as a witness in the EEO investigations.

60. Brian's protected activity was a motivating factor in Defendant City of Lincoln's retaliation against him.

WHEREFORE, Plaintiff Brian Giles demands judgment against Defendant City of Lincoln, in an amount which will fully and fairly compensate her for her injuries and damages, for liquidated damages, for prejudgment and post-judgment interest, for attorneys' fees/expert witness fees, for the costs and expenses of this action, for equitable relief, and for such other relief as may be just in the circumstances and consistent with the purpose of the Nebraska Fair Employment Practices Act.

**COUNT V**
**CONSPIRACY UNDER SECTION 1985**
**(INDIVIDUAL DEFENDANTS)**

61. Plaintiff repleads paragraph 1 to 60 as if fully set forth herein.

62. Defendants Tom Casady, Pat Borer, Eric Jones, and Tim Linke, in their individual capacities conspired with others to deprive Plaintiff of his Constitutional rights.

63. That at least one of the defendants engaged in an overt act in furtherance of the conspiracy.

64. As a result of Defendants' acts and omissions, Brian has in the past and will in the future suffer damages including but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages; benefits; future earning; and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against the individual Defendants in an amount which will fully and fairly compensate him for his injuries and damages, punitive damages in an amount sufficient to punish Defendants and deter others, for interest as allowed by law, for attorney's fees/expert witness fees, for the cost of this action, and for such other relief as may be just in the circumstances.

**COUNT VI**
**FIRST AMENDMENT RETALIATION UNDER §1983**
**(ALL DEFENDANTS)**

65. Plaintiff repleads paragraph 1 to 64 as if fully set forth herein.

66. Plaintiff's engaged in protected activity under the First Amendment by speaking out on matters of public concern.

67. Each individual Defendant acted under color of state law and with reckless or deliberate indifference to the rights of Plaintiff and with malice.

68. Defendant City of Lincoln's and the individual defendants' actions towards Brian constitute retaliation.

69. Defendants' actions in retaliation for free speech deprived Brian of rights, privileges, and immunities secured by the Constitution violates 42 U.S.C. §1983.

70. The constitutional rights to free speech and were established at the time of the Defendants' actions.

71. The individual defendants and the City either actually knew, or in the exercise of duties should have known, about Brian's constitutional rights.

72. As a result of Defendants' acts and omissions, Brian has in the past and will in the future suffer damages including but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages; benefits; future earning; and other emoluments of employment.

WHEREFORE, Plaintiff Brian Giles demands judgment against Defendants in an amount which will fully and fairly compensate him for her injuries and damages, for punitive damages against the individual defendants, for interest allowed by law, for attorneys' fees/expert fees, for

the costs and expenses of this action, for equitable relief, and for such other relief as may be just in the circumstances and consistent with the purpose of Section 1983.

**JURY DEMAND**

COMES NOW the Plaintiff and hereby requests a trial by jury.

Dated this 19th day of April, 2017.

BRIAN GILES, Plaintiff

By /s/ Kelly K. Brandon

Kelly K. Brandon, #20734
Fiedler & Timmer, P.L.L.C
20615 Highway 370
Gretna, NE 68028
402-316-3060
402-513-6501 (F)
kelly@employmentlawnebraska.com
Attorney of the Plaintiff