# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN GILES, | ) | Case No. 4:17-cv-03050 |
| Plaintiff, | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| THE CITY OF LINCOLN, TOM CASADY, TIM LINKE, ERIC JONES, and PATRICK BORER, | ) | |
| Defendants. | ) | |

This matter is before the Court on the parties' motion for protective order. ([Filing No. 28](#).) The motion is granted.

**IT IS ORDERED** as follows:

1. As used herein:

    a. "Confidential Documents" shall mean documents produced by a party in discovery and designated as "CONFIDENTIAL." For purposes of this agreement, Confidential Documents shall be limited to following documents under the control of Plaintiff and those documents under the control of the City of Lincoln and not readily available to the general public:

    i. Employee personnel and training records;

    ii. City of Lincoln policies, procedures, and general orders;

    iii. City of Lincoln training records;

    iv. Plaintiff's personnel, wage, income tax, and medical records;

    v. City employee personnel and medical records; and

    vi. Any other documents or electronic information either Party designates as "CONFIDENTIAL."

    b. "Disclosed" shall mean divulged, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated to any Person or Persons in any manner and for any purpose other than as allowed herein;

    c. "Attorney" shall include all partners, associates, paralegals, secretaries and other employees of the Attorneys for the Parties;

    d. "Party" shall mean any named Plaintiff or Defendants in this case;

e. "Producing Party" shall mean, with respect to Confidential Documents, Plaintiff or City of Lincoln and/or its employees or witnesses turning the Confidential Documents over to the opposing party in discovery;

f. "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity, including without limitation, each Party to this action;

g. "Consultant" shall mean any expert retained or hired by a Party or Attorney in this case for the purpose of providing expert testimony in the trial of this matter or for the purpose of assisting a Party or Attorney in any manner in the litigation of this case and further shall include in-house experts and/or technical personnel of the Parties; and

h. "Witness" shall mean any individual who may testify in court proceedings or depositions in the above-captioned case.

2. Confidential Documents shall not be used or Disclosed by any Party, his/her/its Attorney(s), or anyone else for whom they are responsible for any purpose unrelated to preparing for trial and/or for trial of this action and any appeal herein or for any business or competitive purpose. Disclosure other than as provided for herein shall first require written consent of the Producing Party, or by order of the Court. The Parties and Attorney(s) shall maintain a list of documents disclosed and to whom. The Parties and Attorney(s) shall also require anyone receiving Confidential Documents to agree to the terms of this Agreement. The Attorney(s) for either Party shall be responsible for instructing witnesses, consultants, and outside counsel assisting in preparation of the case, that disclosure of the Confidential Documents is prohibited as set forth herein.

3. Confidential Documents under 1(a)(i-vi) above are produced to Plaintiff's or Defendants' Attorney(s). Plaintiff's or Defendants' Attorney(s) shall not provide to or allow Plaintiff, the Defendants or non-expert witnesses to make copies of the Confidential Documents. Plaintiff, Defendants, and Witnesses may view the Confidential Documents in the presence of the Attorneys for the parties or his or her Attorney(s).

4. Should either Party and Attorney(s) question whether documents designated as Confidential Documents are truly confidential, they shall first contact the Producing Party in good faith to resolve the issue. If the issue cannot be resolved, either Party may petition the Court for an order as to whether the designated Confidential Document is subject to the conditions of this Protective Order. A Party shall not be obligated to challenge the

propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

5. If Confidential Documents are disclosed to or comes into the possession of any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure must immediately provide written notice to the Party and Attorney(s) who designated the information as Confidential pursuant to the terms of this Protective Order of all pertinent facts relating to such disclosure. Within five (5) business days of the written notice, any Party, Attorney(s), or Consultant that has disclosed the Confidential Documents shall make reasonable efforts to prevent further disclosure by each unauthorized person who received the Confidential Documents.

6. In the event a Confidential Document is used by either Party or Attorney(s) at the deposition of any Consultant or Witness, the court reporter shall agree in writing or on the record of such deposition that no copies of the deposition or the deposition exhibit previously identified as a Confidential Document herein shall be made for, delivered, or made available to any Person except Attorneys of record for the Parties in the above-captioned case, the Court, and the deposition Witness. In the event the court reporter refuses such request, either Party may withdraw from the deposition until a court reporter is found willing to comply.

7. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular testimony, information or document is or is not (a) confidential or (b) privileged. The inadvertent production or disclosure of any information or documents protected by the attorney-client privilege, the attorney work product doctrine, a joint defense privilege or any other applicable privilege shall not constitute, or be considered as a factor suggesting a waiver or impairment of any claims of such privilege or protection. In the event of inadvertent production or disclosure of privileged material, the Producing Party must provide written notice that privileged material has been inadvertently produced or disclosed. Within five (5) business days of receipt of such notice, any Party, Attorney(s), or Consultant that has received such privileged material shall return to the Producing Party all such privileged material and copies thereof in its possession, and shall make reasonable efforts to reclaim and return such privileged material.

8. Confidential Documents may be used to examine or cross-examine any Witness or Consultant at any hearing, deposition, or trial. Such use may be limited as provided in this Agreement. The Producing Party shall have the right to request the Court to exclude or sequester

any individual who is in attendance at any hearing, deposition or trial for purposes of maintaining the confidentiality of such documents.

9. Confidential Documents may be referred to in interrogatory answers, motions and briefs, and other pleadings, and may be used in depositions and marked as deposition exhibits in this action in accordance with this Protective Order. However, if any Confidential Documents to be included in any papers to be filed in Court, such information or material shall be labeled "CONFIDENTIAL," and shall be filed under seal and kept under seal until further order of this Court. Either Party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

10. Following the conclusion of this litigation, including any appeal, writ, or petition for review, the Producing Party may make written demand for the return of the Confidential Documents produced. Upon demand for return, the Party receiving the demand shall return the originals and any copies of the Confidential Documents which are in their custody or control.

11. Any person in possession of Confidential Information who receives a public information request, subpoena, or other request from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, or bodies, boards, or associates) who is not a party to this action, seeking production or other disclosure of a Party's Confidential Information, shall promptly give telephonic notice and written notice by overnight delivery and/or email to counsel for the Producing Party, person or entity, enclosing a copy of the subpoena or other request. In no event shall production or other disclosures be made before the later of (a) ten (10) days following the date on which notice is given, or (b) the return date of the subpoena, unless otherwise required by applicable law or court order.

12. The Parties may, by stipulation, provide for exceptions to this Order and any Party may seek an order of this Court modifying this Protective Order.

Dated December 18, 2017.

BY THE COURT:

S/ Susan M. Bazis
United States Magistrate Judge