IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN GILES,<br><br>            Plaintiff,<br><br>   vs.<br><br>CITY OF LINCOLN, in their individual and official capacities.; TOM CASADY, in their individual and official capacities.; TIM LINKE, in their individual and official capacities.; ERIC JONES, in their individual and official capacities.; and PATRICK BORER, in their individual and official capacities.;<br><br>           Defendants. | **4:17CV3050**<br><br>**ORDER** |

In Filing No. 109, Plaintiff Brian Giles (Giles), sought reconsideration of the undersigned magistrate judge's Memorandum and Order (Filing No. 75), and amendment of the parties' agreed discovery deadlines (Filing Nos. 91-92). The parties filed a Joint Stipulation Regarding Extension of Deadlines on April 23, 2019. (Filing No. 121). As explained below, Plaintiff's motion for reconsideration will be granted, in part. The parties' joint request for extension of certain deadlines is granted, as set forth in further detail below.

I. Background

In September 2018, this court considered defendants' Motion for a New Progression Order Allowing for Phased Discovery (Filing No. 45), and Plaintiff's Motion to Compel (Filing No. 48), and the associated briefs and documentation. The court found that Defendants made a sufficient showing that Plaintiff's

discovery was extensive and that responding to such discovery was a substantial burden.

The undersigned magistrate judge found:

> [T]he proper and proportional course is staged discovery, with the first phase focused on whether a causal link exists between Plaintiff's alleged protected activity and the alleged adverse employment actions or injuries. At this first stage, the discovery will be limited as follows:
>
> 1) Plaintiff's depositions of witnesses other than Linke will be limited to (a) what those witnesses knew, if anything, about Plaintiff's alleged protected activity prior to December 1, 2015, and (b) if prior to December 1, 2015, they communicated with Linke regarding his selections for promotion to Battalion Chief, and if so, what they said.
>
> 2) As to telephone records, Plaintiff may subpoena the Verizon records of incoming and outgoing calls and text messages for the cell phones used by Jones and Linke for the 2015 calendar year.
>
> 3) As to (ESI), Plaintiff is entitled to:
>
>    • All emails to or from Giles from October 2014, when Benson transferred to Station 8, and December 31, 2015.
>
>    • The emails of Linke and Jones between October 2014 and December 31, 2015 that contain the key words "Giles" and/or "Brian Giles", and/or "Promotion" and/or "Promotional" and/or "Benson," and/or "Battalion Chief."
>
> 4) Plaintiff is not entitled to Defendants' EEO investigatory file for Amanda Benson's complaint, such complaint and associated investigation having occurred after both Battalion Chief promotions were made.

2

([Filing No. 75 at CM/ECF pp. 6-7](#)).

Giles objected to [Filing No. 75](#) ([Filing No. 79](#)), and upon consideration of the motion and the briefing, Senior Judge Richard G. Kopf overruled Plaintiff's objection. ([Filing No. 84](#)).

The parties filed stipulations to extend certain case progression deadlines on January 4, 2019 ([Filing No. 91](#)) and March 19, 2019 ([Filing No. 102](#)), both of which were granted by the court. ([Filing No. 92](#), [Filing No. 105](#)) In each stipulation, Giles asserted he did "not agree that the phased discovery or the expected summary judgment on the causal link as provided for in the Order (Doc #75) is appropriate or supported under federal law or the Federal Rules of Civil Procedure." (Filing Nos. 91, 102).

Giles' motion for reconsideration and motion to amend the stipulated progression order deadlines was filed on March 22, 2019. (Filing 109). The parties filed a Joint Stipulation Regarding Extension of Deadlines on April 23, 2019. ([Filing No. 121](#)).

II. Analysis

A.    Motion to Reconsider

1.    <u>Standard of Review</u>

Pursuant to [Fed. R. Civ. P. 60(b)](#) the court "may relieve a party . . . from a final judgment, order, or proceeding…" for several enumerated reasons, or for

"any other reasons that justifies relief." The purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716 (8th Cir. 2010).

2. Analysis

   a. *Kimberley Taylor-Riley Investigation*

In Filing No. 75, the undersigned magistrate judge determined that Giles was not entitled to Defendants' EEO investigatory file for Amanda Benson's complaint, as the complaint and the associated investigation both occurred after the Battalion Chief promotions were made.

Upon reconsideration, it is now apparent that although the Amanda Benson investigation began after the Battalion Chief promotions were made, the subject matter of the investigation, potentially including the alleged protected activity of Giles, occurred earlier in 2015, in the months before or between the Battalion Chief promotions. As such, Taylor-Riley's investigation and report are relevant to determining the existence of Giles' alleged protected activity and whether there is a causal link between that activity and the alleged adverse employment actions, specifically Linke's decision not to promote Giles to Battalion Chief.

As to the Benson investigatory file, Giles' motion for reconsideration is granted.

### b. Phased Discovery

Giles argues that the court's ruling on phased discovery is based upon manifest errors of law, in that: 1) the order did not account for the multiple ways a plaintiff may prove pretext; 2) the discovery restrictions violate plaintiff's due process rights; and 3) the goal to avoid unnecessary expense will not be realized through phased discovery.

There appears to be a fundamental misunderstanding as to the meaning of the court's order. (Filing No. 75). In his motion for reconsideration, Giles asserts:

> If Plaintiff is denied the opportunity to fully question witnesses in depositions regarding the pretext issues and without the benefit of additional ESI and the Taylor-Riley investigation, he will be denied the discovery necessary to refute the City's anticipated motion for summary judgment based on the entire causation prong.

(Filing No. 109 at CM/ECF p. 8).

In his brief, Giles argues that this court's ruling was "manifest error because many avenues that Plaintiff may prove the promotional decision was pretextual that are foreclosed by the deposition restrictions that the Court implemented." (Filing No. 110 at CM/ECF p. 18).

In his reply brief Giles argues:

> Based on the Court's language, it appears that the Defendants "may argue in an early summary judgment motion that Plaintiff failed to meet his burden of proving causation at both stages of the *McDonnell-Douglas* analysis. If Plaintiff is unsuccessful, his case is dismissed. If the Court intended to limit the causal nexus motion to Plaintiff's prima facie case, the Order would have included that limitation. Regardless, however, Plaintiff moved the Court to reconsider its ruling because if the Court's Order authorizes the

5

> Defendants to file a motion regarding causation at one or either stages, the Court's Order restricting Plaintiff's ability to discover circumstantial evidence of an inference of retaliation is clearly erroneous and contrary to law.

(Filing No. 119 at CM/ECF pp. 3-4).

Giles' motion, and the associated briefs indicate that he believes the first phase of discovery covers the entire issue of causation. That was not the court's intent. Rather, in light of the McDonnell Douglas burden shifting framework[1], the court intended the first phase of discovery to encompass only the threshold issue of whether Plaintiff created an inference of intentional retaliation by establishing a prima facie case for retaliation, i.e. "whether a causal link exists between Plaintiff's alleged protected activity and the alleged adverse employment actions or injuries." (Filing No. 75 at CM/ECF p. 6).[2] There is no manifest error of law or fact upon which to grant a motion for reconsideration, there was a simple misunderstanding of the scope of the undersigned magistrate judges' order. Phase one of discovery has been limited to the Plaintiff's burden to show a prima

---

[1] Under the McDonnell Douglas burden-shifting framework, a plaintiff must first present a prima facie case of intentional discrimination. The burden then shifts to defendant to articulate a legitimate, nondiscriminatory reason for its action. If defendant meets that minimal burden, plaintiff must show that the proffered nondiscriminatory reason is merely a pretext for unlawful discrimination. Fiero v. CSG Systems, Inc., 759 F.3d 874 (8th Cir. 2014), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, (1973). The burden-shifting framework also applies to retaliation cases. Fiero, 759 F.3d at 880.

[2] Applying McDonnell Douglas' burden shifting analysis to this retaliation case, Plaintiff must first establish a prima facie case by showing the following: (1) that he or she engaged in statutorily protected activity; (2) the employer took an adverse action against him; and (3) a connection between the two occurrences. Bakhtiari v. Lutz, 507 F.3d 1132 (8th Cir. 2007).

facie case that Plaintiff suffered an adverse employment action and if so, what action or actions are at issue.

Plaintiff argues that if he is not permitted to inquire about pretext, his right to due process and potentially his right to jury trial will be violated. Having determined that pretext is not at issue during this phase of discovery, the court will not address the pretext and due process arguments in detail.

Plaintiff asserts that limiting discovery to the threshold issue of establishing a causal nexus violates his "broad and liberal [discovery] rights." ([Filing No. 110 at CM/ECF p. 22](#)) As defendant argues, this may be true if Plaintiff were not afforded the opportunity to engage in further discovery after demonstrating a causal nexus between his alleged protected conduct and the alleged adverse employment actions. (See [Filing No. 117 at CM/ECF p. 18](#)). But in this case, the court's order permits further discovery as to any adverse employment actions, if any, for which plaintiff can present a prima facie case. That is, if Plaintiff can show a prima facie case, discovery will proceed on whether there is a legitimate, non-retaliatory explanation for Defendants' decision not to promote Giles to Battalion Chief, and if such reason is provided, whether the explanation is pretextual. But if Plaintiff cannot establish a prima facie case, the expansive discovery Plaintiff demands and the inevitable battles over that discovery will be unnecessary and irrelevant.

Plaintiff's motion for reconsideration of the court's order imposing phased discovery will be denied.

*c. Scope of Depositions*

During the April 24, 2019 telephone conference, the parties discussed the permissible scope of Tim Linke's deposition. (Filing No. 124) The court previously concluded that Plaintiff was not entitled to the Defendants' EEO investigatory file for Amanda Benson's complaint, as the complaint and the associated investigation occurred after both Battalion Chief promotions were made. Giles' complaints to command staff and whether these complaints were communicated to Linke is relevant to the causal link between the alleged protected activity and alleged adverse employment action, but the complaint and investigation which occurred <u>after</u> the promotions occurred are not. The existing discovery order does not prevent Giles from asking Linke what he knew or did not know about the alleged protected activity, or how, if at all, he was influenced by members of the command staff when making promotional decisions.

Plaintiff asserts that Giles' protected activity is imputed to the city based upon Casady's and Jones' knowledge of his complaints. Giles cites to a Second Circuit case, asserting that "When high-ranking officials of an employer are on notice of the Plaintiff's protected activity, the Court can presume 'corporate knowledge.'" Filing No. 110 at CM/ECF p. 15, citing Gordon v. New York City Bd. Of Educ. 232 F.3d 111, 117 (2nd Cir. 2000). Gordon is not binding precedent in this judicial district, and the court is unconvinced by the argument that because "members of command staff were on notice of the protected activity and also were involved in the promotional decision-making process, that knowledge is imputed to Tim Linke." (Filing No. 110 at CM/ECF p. 16.) The knowledge of other members of the command staff is not imputed to Defendants.

Linke, as Interim Chief of Lincoln Fire and Rescue Department, made the Battalion Chief hiring decisions at issue in this case. ([Filing No. 54-5 at CM/ECF p. 2-3](#)). To prove a prima facie case, the threshold issue turns on <u>what</u> Linke knew and <u>when</u> he knew it. Thus, the court's determination will stand, that depositions of witnesses other than Linke will be limited as set forth in [Filing No. 75, at CM/ECF p. 7](#).

### d.   Electronically Stored Information

Giles argues that the Information Services (IS) methodology, deduplication, and stripping of irrelevant data (such as logo signature pages) performed in the <u>Hurd</u> case was superior to the paralegal-directed search which was performed in this case following this court's order. Giles asserts that the search performed in this case yielded thousands of pages of irrelevant results because the search terms were over-inclusive. In <u>Hurd</u> case, the IS search produced "15,000 pages of very relevant ESI from thirteen command staff custodians for a five-year time period." In comparison, the Giles search of ESI from two custodians for a one-year period produced over 16,000 pages of "mostly irrelevant information." ([Filing No. 110 at CM/ECF p. 6](#)). Thus, Giles argues the search in this case was inferior and a waste of resources.

As previously discussed, phase one of discovery is limited to Giles' proof of a prima facie case. The court's order acknowledged Giles' argument that ESI should be extended to everyone Linke may have communicated with before announcing the Battalion Chief promotions, but stressed that "Linke is the focus, -- if he did not receive the communication, it could not have influenced his decision much less rendered him a 'conduit, vehicle, or rubber stamp' through which other LF&R employees achieved their discriminatory purpose." ([Filing No.](#)

9

75 at CM/ECF p. 7). Further, as discussed in the prior order, if Linke did receive emailed communication it would be within the emails he produced; the emails need not also be retrieved from the sender's files. (Filing No. 75 at CM/ECF pp. 7-8). Giles' request for reconsideration of the ESI to which he is entitled is denied.[3]

B.   Motion to Amend

Pursuant to Rule 16(b)(4), a case management schedule may be modified for good cause and with the judge's consent. This court is also mindful of the goal to "secure the just, speedy, and inexpensive determination of every action and proceeding." (Fed. R. Civ. P. 1). Based on the information now of record, the court is granting plaintiff's motion for reconsideration as to the Taylor-Riley investigation. The court therefore finds good cause to amend the progression order to allow for completion of depositions after production of the Taylor-Riley investigation.

The parties agreed to extend the deposition deadline, the discovery deadline and the deadline to file motions for summary judgment. The parties' request for more time will be granted.

---

[3] Plaintiff is not arguing that the defendants did not produce discovery. He is arguing that he, rather than the defendants, must sift through the defendants' extensive production to locate the relevant documents. When broad ESI with several search terms is demanded, a massive document production response should be anticipated, and someone will have to review it. In this case, that burden lands to Plaintiff's counsel, who drafted and served the requests.

IT IS ORDERED:

1) Plaintiff's motion for reconsideration is granted, in part. ([Filing No. 109](#)) Defendant shall produce the Taylor-Riley investigatory file related to Benson's claim for Plaintiff's review.

2) The remainder of Plaintiff's motion for reconsideration is denied.

3) The parties' request for extension of certain deadlines is granted. ([Filing No. 121](#)). As to the first phase of discovery, the progression order is amended as follows:

   A. The deposition deadline is now July 1, 2019.

   B. The discovery deadline is now July 15, 2019.

   C. The summary judgment deadline is now July 30, 2019.

May 15, 2019

>                              BY THE COURT:
>
>                              *s/ Cheryl R. Zwart*
>                              United States Magistrate Judge