IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN GILES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3050 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF LINCOLN, TOM CASADY, TIM LINKE, ERIC JONES, and PATRICK BORER, in their individual and official capacities, | ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) ) | |

In a Memorandum and Order entered on May 15, 2019 (Filing No. 126), Magistrate Judge Cheryl R. Zwart: (1) granted Plaintiff's Motion for Reconsideration (Filing No. 109) in part and ordered Defendant to produce the Taylor-Riley investigatory file regarding a related plaintiff's claim for Plaintiff Giles's review; (2) denied the remainder of Plaintiff's Motion for Reconsideration; and (3) granted the parties' request for extension of certain progression deadlines as to the first phase of discovery. On May 29, 2019, Plaintiff filed a lengthy Statement of Objections (Filing No. 127) to the Magistrate Judge's Memorandum and Order.

Consistent with past practice, Plaintiff filed a 27-page brief in support of the Statement of Objections (Filing No. 128), and Defendants filed a six-page opposing brief on June 12, 2019 (Filing No. 129). This is basically Plaintiff's second set of objections regarding the scope of the first phase of discovery, a subject which has already been extensively briefed, objected to, and considered. (*See* Filing No. 129 at CM/ECF pp. 2-4 (Defendants' concise summary of motions and briefing on discovery issues).) Keeping in mind that "[i]n discovery matters, the magistrate judge is afforded great deference," *Sikora v. Nat'l Indem. Co.*, No. 8:13CV68, 2013 WL 5524551, at *2 (D. Neb. Oct. 4, 2013); *Hajek v. Kumho Tire Co.*, No. 4:08CV3157, 2010 WL 1292447, at *2 (D. Neb. Mar. 30, 2010) (same), Plaintiff's objections that phased discovery is now moot and

unnecessary, "should never [have] been proposed by Defendant,"[1] wastes time, is expensive,[2] and is too limited and that a search of electronic information "as proposed by the Defendant . . . was flawed from the outset and produced wholly irrelevant information"[3] do not constitute clear error.

Accordingly, and after careful review conducted pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), I find that the challenged Memorandum and Order is not clearly erroneous or contrary to law.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Statement of Objections (Filing No. 127) is denied.

2. The Magistrate Judge's Memorandum and Order entered on May 15, 2019 (Filing No. 126) is sustained and shall not be disturbed.

DATED this 13th day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

[1] Filing No. 128 at CM/ECF p. 7.

[2] Plaintiff's time and expense arguments are ironic considering that the parties have produced, and the court has had to read, at least 16 briefs and hundreds of pages of exhibits in this case before any dispositive motions have even been filed. (Filing Nos. 47, 49, 55, 58, 61, 66, 72, 73, 77, 80, 83, 110, 117, 119, 128, 129.)

[3] Filing No. 128 at CM/ECF p. 10.